### Seitzinger *v.* Seitzinger, Appellant.

*Divorce—Desertion—Evidence—Sufficiency.*

In a libel in divorce on the ground of desertion, a decree granting a divorce will be sustained where there is sufficient evidence to warrant a finding that the respondent had persisted in her wilful desertion, although repeatedly requested by the libellant to live with him.

Argued October 25, 1927. Appeal No. 264, October T., 1927, by respondent from decree of C. P. Northumberland County, February T., 1925, No. 6, in the case of George E. Seitzinger v. Esther M. Seitzinger. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Libel in divorce. Before LLOYD, J.

The facts are stated in the opinion of the Superior Court.

608    SEITZINGER *v.* SEITZINGER, Appellant.

Assignment of Error—Opinion of the Court.    [91 Pa. Superior Ct.

The case was referred to John W. Timmes, Esq., who recommended a divorce.

On exceptions to the Master's report the Court dismissed the exceptions and granted a divorce. Respondent appealed.

*Error assigned,* among others, was the decree of the Court.

*Richard II. Klein,* and with him *Knight & Taggart* and *Hassrick & Stewart,* for appellant.

*J. A. Welsh,* for appellee.

OPINION BY HENDERSON, J., December 15, 1927:

The parties in this case were married in 1896, at Frackville, in this state, where they remained about four years. After having lived in several places, they moved to Philadelphia in 1918. While there the plaintiff became sick and so continued for a long period. His physician advised him to move away from Philadelphia for the purpose of securing a location more favorable to his complete recovery. The parties had lived together in reasonable amity until the 19th of September, 1922, at which time a quarrel arose between them, in the presence of some visitors at their home. There were no acts of violence but a heated discussion in which the respondent claimed the plaintiff used some vile language. The next morning the latter informed his wife that he was going to Frackville, bade his wife goodbye and offered to shake hands with her, but she refused, saying to him "I am done, go." He thereupon went to Frackville and remained for a short time, after which he located at Shamokin. His wife remained in Philadelphia. He sent letters to her by special delivery requesting her to come to Frackville; stating that they would rent a house or board,

that he would get her anything she wanted if she would come. He also notified her that he had moved from Frackville to Shamokin and asked her to come there and live. To these letters the respondent sent a reply on January 24, 1923, in which she refused to go; notified the plaintiff to leave her alone, advised him to employ a lawyer and refused to receive any more letters from him. On this state of facts and other evidence in the case the master reported in favor of the complainant and the court below, after a discussion of the evidence and the law relating thereto, entered the decree from which this appeal is taken. We have examined the case in the light of the argument of the appellant's counsel but have not found sufficient support in the testimony to sustain the appellant's contention. The report of the master and the opinion of the court below exhibit a careful and painstaking examination of the case and their conclusions are well supported.

Under the evidence we are not satisfied that the court should be charged with an abuse of discretion in refusing to award alimony. The decree is, therefore, affirmed, the costs to be paid by the appellee, including the reasonable expenses of respondent and her witnesses in attending the hearing before the master, to be taxed by the Prothonotary of Northumberland County.